IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CEASAR MOJICA, § | |
| Institutional ID No. 2447401, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:22-CV-234-BQ |
| § | |
| JOHNNY SAUSEDA, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Ceasar Mojica filed this 42 U.S.C. § 1983 action complaining of violations of his constitutional rights while detained at the Dawson County Jail and in connection with his state criminal case. ECF Nos. 1, 6. Because Mojica has not complied with Court orders and has failed to prosecute this case, the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.

I.   **Background**

On April 25, 2023, the United States District Judge transferred this action to the undersigned magistrate judge to conduct preliminary screening under the Prison Litigation Reform Act (PLRA). *See* ECF No. 18. Before reassigning the case, the district judge issued a PLRA Filing Fee Order, granting Mojica's request to proceed *in forma pauperis* (IFP) and advising him of his obligation to "promptly notify the Court of any change of address" and that his "[f]ailure to file this notice may result in this case being dismissed for want of prosecution." ECF No. 17, at 2 ¶ 8. Mojica received a similar admonishment when he initially filed this suit. *See* "Electronic

Notice of Judicial Screening and Standing Order," ECF No. 4 ("Plaintiff must promptly notify the Court in writing of any change of address. Failure to provide updated address information may result in dismissal of the case under Fed. R. Civ. [P.] 41(b)." (emphasis omitted)).

On April 26, 2023, the Court commenced its initial screening of Mojica's Amended Complaint. The Court entered an order requiring that certain persons and entities provide authenticated records related to Mojica's claims. ECF No. 20. After reviewing the records, the Court entered an order directing Mojica, within thirty days from the date of the order (i.e., August 14, 2023), to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), thus allowing the Court to obtain additional information about the factual bases of his claims and to ensure adequate screening. ECF No. 24. In that order, the Court admonished Mojica that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* at 1 (emphasis omitted). The Clerk mailed the order and questionnaire to Mojica's address on file with the Court. *See* "Clerk's Notice of delivery," dated July 14, 2023.

Mojica did not respond to the questionnaire within the thirty-day timeframe, so the Court entered a second order on September 1, 2023, extending Mojica's deadline to respond to September 22, 2023. ECF No. 28. The Clerk again mailed the order to Mojica's current address (*see* "Clerk's Notice of delivery," dated Sept. 1, 2023), but he has not returned the completed questionnaire. Moreover, while Mojica provided a change of address to the Court on July 28, 2023 (ECF No. 25), neither of the Court's orders to complete the questionnaire were returned undeliverable. In this posture, the Court can only conclude that Mojica no longer wishes to pursue his claims.

## II.   Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Mojica's Amended Complaint by ordering the production of authenticated records, which the Court received May 25, 2023, and directing Mojica to complete a questionnaire. Mojica's failure to respond to the questionnaire, however, thwarts the Court's ability to further review the case. In this circumstance a court is basically at the mercy of a litigant who refuses to return the questionnaire, thereby preventing the Court from effectively communicating with the party or further evaluating his claims. Pro se litigants cannot hold hostage a court's docket by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

Judges in this district have previously dismissed other prisoners' claims for failing to return the Court's questionnaires. *See, e.g., Adams v. Thomas*, No. 1:19-CV-00208-BU, 2022 WL 877118, at *1 2 (N.D. Tex. Feb. 8, 2022) (finding plaintiff's failure to update his address, which resulted in the order to complete a questionnaire being returned undeliverable, necessitated dismissal of the case under Rule 41(b)), *R. & R. adopted by* 2022 WL 875981 (N.D. Tex. Mar. 24, 2022); *Williams v. Lubbock Cnty. Sheriff's Off.*, No. 5:17-CV-226-BQ, 2018 WL 1461738, at *2 (N.D. Tex. Feb. 15, 2018) (recommending dismissal under Rule 41(b) where plaintiff had not updated his address or returned the questionnaire), *R. & R. adopted by* 2018 WL 1461842 (N.D.

3

Tex. Mar. 22, 2018); *Bey v. Greyhound Lines, Inc.*, No. 3:15-CV-1406-M-BH, 2016 WL 6561590, at *1 (N.D. Tex. Feb. 19, 2016) (recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b) where plaintiff failed to return the magistrate judge's questionnaire), *R. & R. adopted by* 2016 WL 6561591 (N.D. Tex. Mar. 9, 2016). Because Mojica has not responded to the questionnaire, and he has wholly failed to communicate with the Court in this action since July 28, 2023 (ECF No. 26),[1] the district judge should dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### III. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Mojica's Amended Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that

---

[1] Mojica's last communication was a Motion to Appoint Counsel, filed after the Court's first Order to Complete Questionnaire. *See* ECF Nos. 24, 26. While he requested a lawyer to help him with the instant case, he did not indicate that he could not complete the questionnaire, nor did he request more time to complete it. *See* ECF No. 26. Moreover, the return address on the envelope corresponds with the address on file with the Court. *Id.*

4

merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 30, 2023.

*[signature]*

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE